[Civ. No. 2138.   First Appellate District.—September 7, 1917.]

STERILIZATION COMPANY OF CALIFORNIA (a Corporation), Appellant, v. A. J. TUCKER, Respondent, and GUY WILKINSON, Intervener and Appellant.

RECOVERY OF PRICE OF CORPORATE STOCK — EXECUTION OF CONTRACT—FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action by a corporation to recover the amount of the contract price of certain of its shares of stock alleged to have been contracted to be purchased by the defendant, it is held that the evidence is sufficient to support the finding that the person with whom defendant contracted was not the agent of the corporation in the execution of the contract, and that defendant was induced to execute it and to deposit certain oil stock as security for the performance of the contract in reliance upon certain representations which were positive assertions of that which was not true and not warranted by the information of the party making the representations.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying motions for a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Joseph K. Hutchinson, for Plaintiff and Appellant.

Nat Schmulowitz, for Intervener and Appellant.

Purcell Rowe, for Respondent.

LENNON, P. J.—This is an appeal from a judgment that plaintiff and intervener take nothing and from the order denying plaintiff's and intervener's motions for a new trial.

Plaintiff's complaint alleged the execution of a contract between the plaintiff and the defendant, by the terms of which plaintiff was to sell and the latter was to purchase 64,650 shares of the plaintiff's capital stock; the repudiation of the contract by the defendant, and plaintiff's election to hold said shares of its capital stock for the benefit of the vendee and sue for the full amount of the contract price.

The trial court found, in effect, that the contract in question was not executed between defendant and plaintiff, and the only question raised by plaintiff on this appeal involves the sufficiency of the evidence to support that finding.

The record discloses in part that defendant Tucker entered into an agreement with one Hanus to buy 64,650 shares of the capital stock of the Sterilization Company of California at fifty cents per share, and deposited with one Wilkinson, the intervener, ten thousand shares of the capital stock of the Pantheon Oil Company as security for his performance of the said contract. He entered into the agreement at the solicitation of Wilkinson, who represented to him that he, Wilkinson, was the owner of certain patented rights, which were of great value in treating citrus fruits with a gas; that he had organized the Sterilization Company for the purpose of employing the patent in California, and had entered into a contract with the corporation plaintiff to sell it certain machines.

Wilkinson made the further representations to defendant that Hanus had undertaken to finance the Sterilization Company, for which he received about two-thirds of the company's stock, but that he was about to fail in his undertaking, in which case the Sterilization Company would be unable to keep its contract with Wilkinson, and that Wilkinson was in a position to take any right that Hanus or the Sterilization Company had in reference to the gas process. To protect Hanus and enable him to perform, Wilkinson requested defendant to carry on his negotiations through Hanus.

While there is evidence to the effect that Hanus was the secretary and managing agent of the Sterilization Company with power to contract for it, on the other hand there is evidence to support the finding of the trial court that Hanus was not the agent of the corporation in the execution of the contract in question. Thus it was shown that defendant dealt with Hanus solely as the agent of Wilkinson; that defendant's

negotiations from the first were had with Wilkinson; that, in addition to being secretary to the Sterilization Company, Hanus was working for Wilkinson and had his offices with Wilkinson; that Wilkinson himself dictated the terms of the contract and drew up the letter embodying those terms, which letter was addressed to Hanus, not to the corporation, and the letter accepting those terms was signed by Hanus. These two letters, in effect, constituted the contract in controversy.

Furthermore, the evidence shows that the Sterilization Company, between November 9, 1911, and November 21, 1911, during which period the transaction in question was negotiated and concluded, did not have more than approximately thirty-three thousand shares of stock in its treasury, and consequently was not in a position to sell to defendant the 64,650 shares of stock in question.

The fact that the evidence shows without any substantial conflict that Hanus was the owner in his own right of but 33,333 shares of the stock which was the subject matter of the contract, and that the remaining 31,317 shares stood in his name and were held by him merely in trust for the Sterilization Company for promotion purposes, will not suffice to disturb the trial court's finding that Hanus did not execute the contract in question as the agent of the Sterilization Company. While this fact might tend to show that Hanus had made an unauthorized disposition of the stock held by him in trust, yet under all of the circumstances of the transaction it would not compel the conclusion that the contract was entered into by Hanus in his capacity as agent of the Sterilization Company.

Wilkinson, as intervener, sought to quiet his alleged title to the ten thousand shares of Pantheon Oil Company's stock, deposited with him by the defendant as a security for the faithful performance of the terms of the contract in controversy. The execution of the contract, however, was alleged by the defendant to have been induced by the false and fraudulent misrepresentations of Wilkinson, the intervener.

The findings of the trial court that defendant was induced to execute the contract in controversy and to deposit the ten thousand shares of oil stock with the intervener, in reliance upon certain representations of the intervener, which were positive assertions of that which was not true and not warranted by the information possessed in that regard by him

are supported by the evidence, and these findings, in turn, support the judgment against the intervener.

The judgment and order are affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1917.